UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TARONE WASHINGTON,

               Plaintiff,

v.

BENTON HARBOR PUBLIC SAFETY
DEPARTMENT et al.,

               Defendants.
_____/

Case No. 1:24-cv-1082

Honorable Paul L. Maloney

## **OPINION**

Plaintiff Tarone Washington initiated this suit by filing a hybrid civil rights/habeas action. In an order (ECF No. 4) entered on October 15, 2024, the Court indicated that it would not permit Plaintiff to pursue claims for immediate release and monetary compensation in the same lawsuit. The Court, therefore, construed the initial action in Case No. 1:24-cv-1023 as a petition for habeas corpus brought pursuant to 28 U.S.C. § 2254 and severed Plaintiff's claims for damages into a new civil rights action. (*Id.*, PageID.16.) The above-captioned action is a result of that severance.

Plaintiff's claims for damages are properly analyzed under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly

incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

<u>Discussion</u>

I.    **Factual Allegations**

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Plaintiff sues the Benton Harbor Public Safety Department, as well as Lead Detective Michael Sites and Officer Cory Radosevich.

Following a jury trial in the Berrien County Circuit Court, Plaintiff was convicted of one count of second-degree murder, in violation of Mich. Comp. Laws § 750.317, one count of assault with intent to commit murder, in violation of Mich. Comp. Laws § 750.83, and two counts of carrying or possessing a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. *See People v. Washington*, No. 352408, 2021 WL 5232295, at *1 (Mich. Ct. App. Nov. 9, 2021). The trial court sentenced Plaintiff "to serve concurrent terms of 18 to 50 years' imprisonment for the conviction of assault with intent to murder and 31 to 75 years' imprisonment for the second-degree murder conviction, and 2 years' consecutive imprisonment for each felony-firearm conviction to be served concurrently with each other." *Id.* On direct appeal, the Michigan Court of Appeals affirmed Plaintiff's convictions and sentences. *Id.* The Michigan Supreme Court denied Plaintiff's application for leave to appeal on April 5, 2022. *See People v. Washington*, 971 N.W.2d 641 (Mich. 2022).

Throughout his complaint, Plaintiff takes issue with the investigation that Defendants conducted that led to his prosecution and conviction. For example, Plaintiff alleges that Jamon Hill was a suspect, but that he was never charged because he worked as a confidential informant for Defendant Sites. (Compl., ECF No. 1, PageID.3.) Plaintiff also suggests that Robert White lied about Plaintiff to "get revenge" and protect Hill. (*Id.*)

2

Plaintiff goes on to fault Defendant Sites for admitting that "he did not investigate or follow up on anyone['s] story and committed perjury on the stand." (*Id.*) For example, Plaintiff contends that Defendant Sites lied about Steve Cobb's statement while on the stand. (*Id.*) Plaintiff alleges further that Defendant Radosevich gave perjured testimony, and that he violated Plaintiff's due process rights during a traffic stop that occurred five months after the incident. (*Id.*, PageID.4.) According to Plaintiff, Defendants never read him his *Miranda* warnings. (*Id.*, PageID.5.) He also avers that Defendant Sites tampered with evidence. (*Id.*)

Based on the foregoing, Plaintiff contends that Defendants' behavior amounted to "malicious prosecution, false imprisonment[,] and denial of [Plaintiff's] due process" rights. (*Id.*) Plaintiff avers that he was wrongfully convicted and seeks $400 million in damages. (*Id.*, PageID.6.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff contends that he was wrongfully convicted because of a faulty investigation conducted by Defendants. He seeks $400 million in damages. However, the Supreme Court has held that claims for declaratory relief and monetary damages that necessarily imply the invalidity of the punishment imposed are not cognizable under § 1983 until the conviction or sentence has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The *Edwards* Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court has stated, "[t]hese cases, taken together,

4

indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff seeks damages on the basis that he has been allegedly unlawfully convicted. (Compl., ECF No. 1, PageID.6.) He suggests that Defendants violated his due process rights and engaged in malicious prosecution and false imprisonment, which led to his alleged wrongful conviction. The Sixth Circuit has noted that claims for false imprisonment and malicious prosecution are barred by *Heck* until the plaintiff has "the conviction overturned on direct appeal or via collateral attack." *Parker v. Phillips*, 27 F. App'x 491, 493 (6th Cir. 2001). Unless and until the judgment of sentence entered by the Berrien County Circuit Court is invalidated, Plaintiff cannot obtain the relief he seeks. Therefore, Plaintiff has failed to state a claim upon which relief may be granted[1] and his complaint for damages is properly dismissed.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

---

[1] A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *Kitchen v. Whitmer*, 106 F.4th 525, 534 n.4 (6th Cir. 2024) (stating "[o]ur court, following the Supreme Court's lead, has phrased *Heck* challenges in terms of whether a § 1983 claim is 'cognizable,' which likely implies that a *Heck* challenge more properly sounds in failure to state a claim").

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   October 23, 2024                    /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             United States District Judge